UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE A. GROVE,<br><br>     Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>     Defendant. | NO.  CV-13-00302-JLQ<br><br>MEMORANDUM OPINION AND<br>ORDER RE:  MOTIONS FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are Cross-Motions for Summary Judgment.  (ECF NO. 15 & 16).  Plaintiff is represented by attorney **Lora Lee Stover**.  Defendant is represented by Assistant United States Attorney **Pamela J. DeRusha** and Special Assistant United States Attorney **Nancy A. Mishalanie**.  This matter was previously before Magistrate Judge John T. Rodgers.  The final briefing deadline was March 3, 2014, and oral argument was not requested.  The case was reassigned to the undersigned for all further proceedings on March 5, 2014.  The court has reviewed the administrative record and the parties' briefs.  The matter was taken under submission by Order of March 19, 2014.

This court's role on review of the decision of the Administrative Law Judge (ALJ) is limited.  The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  This court is obligated to affirm the ALJ's findings if they are supported by substantial evidence and the reasonable inferences to be drawn therefrom.  *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012).  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the

ORDER - 1

conclusion.

## I.  JURISDICTION/PROCEDURAL HISTORY

Plaintiff, Nicole A. Grove, applied for supplemental security income benefits on June 17, 2010, when she was 35 years-old.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing and a hearing was held on December 22, 2011, before Administrative Law Judge James Sherry. (Transcript of hearing at ECF No. 12-2, p. 49-84).  On January 26, 2012, the ALJ issued an opinion denying benefits. (ECF No. 12-2 at 24-42).  Plaintiff appealed that decision to the Appeals Council and on June 20, 2013, the Appeals Council denied review. (*Id*. at 1). The decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed the instant action on August 12, 2013.

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is, benefits are denied.  If she is not, the

decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform her previous work, she is not disabled.  If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

1

2                          **III.  STANDARD OF REVIEW**

3          "The [Commissioner's] determination that a claimant is not disabled will be

4    upheld if the findings of fact are supported by substantial evidence and the

5    [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722

6    F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is

7    more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th

8    Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599,

9    601-602 (9th Cir. 1989).  "It means such relevant evidence as a reasonable mind

10   might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

11   U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as

12   the [Commissioner] may reasonably draw from the evidence" will also be upheld.

13   *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court

14   considers the record as a whole, not just the evidence supporting the decision of

15   the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).  This

16   court may set aside a denial of benefits only if the basis for denial is not supported

17   by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278

18   F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to

19   resolve conflicts in the evidence.  *Richardson*, 402 U.S. at 400.  If the evidence

20   supports more than one rational interpretation, the court must uphold the decision

21   of the ALJ.  *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

22                          **IV.  STATEMENT OF FACTS**

23         The facts are contained in the medical records, administrative transcript, and

24   the ALJ's decision, and are only briefly summarized here.  At the time the ALJ

25   issued his decision in 2012, Plaintiff was 37 years-old.  Plaintiff was married at the

26   time she applied, although the record indicates she may have separated from her

27   husband after he spent some time in jail.  She has three children.  Plaintiff quit

28   school after the ninth grade, and did not obtain a GED. (ECF No. 12-2, p. 56).

Plaintiff's past work experience is limited.  She worked primarily as a daycare provider/babysitter and in the past did some laundry work.  Her 14-year earnings history reflects six years with no income.  Plaintiff described her work as sometimes full-time for a few months, then part time. (ECF No. 12-2, p. 58). Plaintiff claimed disability based primarily on knee pain, irritable bowel syndrome, depression, and anxiety.  Plaintiff testified she has no problems with drugs or alcohol.

### V.  COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff had not engaged in substantial gainful activity since June 17, 2010, the application date. (ECF No. 12-2, p. 29). The Plaintiff agreed it was appropriate to utilize the June 17, 2010 date, rather than the alleged onset date of October 31, 2009, in evaluating her application for SSI benefits. (ECF No. 12-2, p. 53-54).

At **Step 2**, the ALJ found the medical evidence established the following severe impairments: bilateral knee osteoarthritis and chondromalacia, obesity, functional bowel disease, asthma, plantar fasciitis, major depressive disorder, anxiety, and personality disorder (ECF No. 12-2, p. 29).

At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the Listings as described in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)) . The ALJ specifically considered sections 1.02 concerning Plaintiff's knee impairment.  The ALJ found Plaintiff's irritable bowel syndrome did not meet any listing in 5.01 for the digestive system.  The ALJ further found Plaintiff's asthma did not meet listing 3.03.  The ALJ specifically considered Plaintiff's mental impairments and found they did not meet Listings 12.04, 12.06, or 12.08.

At **Step 4**, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and found Plaintiff had the RFC to perform sedentary work.  The RFC also contained additional limitations to account for Plaintiff's physical and mental

impairments. (ECF No. 12-2, p. 32).  The ALJ then concluded that Plaintiff was not capable of performing her past relevant work as a child monitor.(*Id.* at 35).

At **Step 5** the ALJ concluded, relying on the testimony of a vocational expert, that Plaintiff was capable of performing other work that exists in significant numbers in the national economy.  Specifically, the vocational expert identified the jobs of hand packager, final assembler, and micro film preparer. (ECF No. 12-2, p. 36).

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from the application date of June 17, 2010, through the date of the decision, January 26, 2012.

## VI. ISSUES

Plaintiff identifies five issues for review: 1) the ALJ erred in disregarding the opinions of Plaintiff's providers; 2) the ALJ erred in assessing Plaintiff's RFC; 3) the ALJ posed an improper hypothetical; 4) the ALJ erred in assessing Plaintiff's credibility; and 5) the record as a whole does not support the non-disability determination. (ECF No. 15, p. 6).  Defendant's framing of the issues differs slightly, and also includes the question of new evidence submitted to the Appeals Council.  The court will address the arguments that have been properly briefed.  Plaintiff's framing of the issues is rather generic, and the issues are inter-related. For example, Plaintiff argues the "assessment of her residual functional capacities is flawed [issue #2] due to the lack of weight placed on her testimony [issue #4].  This in turn resulted in an incomplete hypothetical being presented to the vocational expert [issue #3]" (ECF No. 15, p. 11)(internal citations omitted). Plaintiff's claims concerning RFC and incomplete hypothetical are derivative of the claim that the ALJ erroneously found her only partially credible.

The two primary issues are whether the ALJ properly assessed Plaintiff's credibility, and the ALJ's consideration of the medical evidence.

# VII. DISCUSSION

A. **Did the ALJ Err in Assessing Plaintiff's Credibility**?

In deciding whether to accept a claimant's subjective symptom testimony, the ALJ "must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The *Cotton* analysis comes from the Ninth Circuit's opinion in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), and thereunder the claimant must: 1) produce objective medical evidence of an impairment or impairments; and 2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen*, 80 F.3d at 1281-82. If a claimant meets the *Cotton* test, then the ALJ may reject the claimant's testimony regarding the severity of symptoms only based on specific, clear, and convincing reasons. *Id.* at 1284.

The ALJ found that Grove's medically determinable impairments could be expected to produce some of alleged symptoms, but the ALJ did "not find all of the claimant's symptom allegations to be credible." (ECF No. 12-2, p. 33). The ALJ then gave numerous reasons for his credibility determination. He found that "objective medical findings did not support the degree of restriction alleged". (*Id*.). He noted that the medical records demonstrated her asthma was under control and stable. The ALJ observed that Dr. Jacob Deakins had noted Plaintiff was "doing well" and "doing well overall" and that Plaintiff planned to join a gym, which Deakin viewed favorably. (*Id*. at 34).

The ALJ also found "some degree of exaggeration by the claimant is suggested in the medical record." (*Id*. at 34). This conclusion is supported by the record. For example, on several routine office visits, Plaintiff described her pain as being at a 9 or 10 on a scale where 0 is pain free and 10 is "being the worst pain the patient has ever felt." On August 4, 2011, Plaintiff described her pain as a 10,

but the doctor's note does not indicate that she appeared to be in extreme pain, rather he wrote that Plaintiff's pain "is fairly stable on the Lortab. She simply needs a refill." (*Id.* at 440).

The ALJ also found that her testimony regarding limitations was inconsistent with her activities of daily living.  Plaintiff takes care of three minor children. (*Id.*).  Plaintiff described her daily activities to Dr. Scott Mabee, Ph.D., as getting up at 7:30 a.m. and making breakfast for children. (ECF No. 12, p. 264). She then does some cleaning, makes lunch, plays outside with her children, and does laundry and grocery shopping as needed. (*Id.*).  The fact that Plaintiff can partake in daily activities is not determinative of disability. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  However, the ability to participate in such activities is relevant to Plaintiff's credibility to the extent that the level of activity is in fact inconsistent with the claimed limitations. See also *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990)(claimant's ability "to take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries...may be seen as inconsistent with the presence of a condition which would preclude all work activity.")

Regarding irritable bowel syndrome/functional bowel disease, the ALJ noted that the medical records from November 2011 showed that the condition was stable and had improved with medication. (*Id.*).  The claimant has the burden of producing objective medical evidence of impairment.  To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs–the results of medically acceptable clinical diagnostic techniques, such as tests–as well as symptoms." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).  A claimant's own statement of symptoms alone is not enough to establish a medically determinable impairment. *Id*. See also 20 C.F.R. §§ 404.1508, 416.908.

The ALJ did find the functional bowel disease to be a severe impairment,

despite the evidence of record being minimal and arguably containing no clear medical diagnosis of functional bowel disease.  At a gastroenterology referral in April 2011, Stacee Anderson, PA, stated she "suspect[ed]" irritable bowel syndrome and that was a "probable" diagnosis, however further tests were needed and Plaintiff declined a colonoscopy. (ECF No. 12, p. 308).  In November 2011, Clinton Hedges, PA-C, stated that Plaintiff has "what appears to be irritable bowel syndrome". (*Id*. at 573).  He further stated her condition was "improving rather significantly" and that "stool studies were entirely unremarkable". (*Id.*).

An important component of Plaintiff's credibility argument is that if the ALJ had credited her testimony regarding the severity of her functional bowel disease, then her need for frequent rest breaks would have prohibited her from working. (ECF No. 15, p.10).  At the hearing Plaintiff testified that she did not have any further appointments scheduled for her bowel condition. (ECF No. 12, p. 67).  Plaintiff testified that over the last couple of years, generally twice per week her stomach problems were such that she did not leave the house. (*Id.*).  As stated *supra*, the ALJ did not find all of Plaintiff's symptom allegations to be credible, and he further found them unsupported by objective medical evidence.  That conclusion applies to Plaintiff's bowel condition.  It was not conclusively diagnosed, rather doctors referred to it as "probable", "suspected" and appears to be irritable bowel syndrome.  The record further reflects it was being successfully treated.  The record does not demonstrate that Plaintiff had been informing her health care providers that she could not leave the house twice per week due to the severity of her symptoms.

The ALJ's primary reason for finding Plaintiff not entirely credible was a finding that Plaintiff's subjective testimony was not consistent with the objective medical findings.  This determination is supported by substantial evidence.  The ALJ gave specific examples of where the record demonstrated that Plaintiff's impairments were not as severe as she claimed and/or were being successfully

treated.  The ALJ's reasons are specific, clear and convincing reasons supported by the record.  It is the role of the ALJ to assess credibility and weigh the evidence, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9ᵗʰ Cir. 2005).

B. **Did the ALJ Err in Assessing the Medical Evidence**?

Plaintiff argues that the ALJ did not properly consider the opinions of Dr. Paul Piper and Dr. Jacob Deakins, and cites to five pages of the over 700-page record. (ECF No. 15, citing to pages 268-272).  Dr. Deakins completed a largely checkbox form for the Washington State Department of Social and Health Services.  He stated on that form that Plaintiff had limitations of, "Depression may impair concentration" and "knee pain-no prolonged standing". (ECF No. 12, p. 268).  There is a check box concerning how many hours per week the person was capable of work, and the 0 hrs box is checked, stating " unable to participate."  Dr. Deakins also checked a box as "yes", stating that Plaintiff could not look for or prepare for work.  Lastly, Dr. Deakins wrote that Plaintiff would likely have such limitations for 6 months, and that there were no issues needing further evaluation or treatment.  This evaluation is dated September 2, 2010. (*Id.* at 269).

Dr. Piper completed a Documentation Request for Medical or Disability Condition from the Department of Social & Health Services in November 2009. Dr. Piper stated Plaintiff had "reactive depression" and that such would limit her ability to work, but he did not check a box for the number of hours limited. (*Id.* at 270).  Dr. Piper did also indicate, via check box, that Plaintiff would be unable to participate in preparing for or looking for work. (*Id.*).  As to duration, Dr. Piper stated that Plaintiff's limitations should last only three months.

The relevant period for disability determination in this case is June 17, 2010, through the date of the ALJ's decision, January 26, 2012.  Therefore, Dr. Piper's evaluation in November 2009, is largely irrelevant.  To the extent it is

ORDER – 10

relevant, it would tend to support the ALJ's determination of non-disability. Dr. Piper expected Plaintiff's condition to improve in three months, or by February 2010. Dr. Deakin's report is during the relevant period. The ALJ specifically addressed Dr. Deakin's report and afforded it "little weight" due to the fact it was not supported by objective medical findings. (ECF 12-2, p. 35). "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may disregard the treating physician's opinion as to the ultimate determination of disability whether or not that opinion is contradicted. *Id.* The ALJ need not accept a treating physician's opinion which is "brief and conclusory in form with little in the way of clinical findings to support its conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); see also *Bell-Shier v. Astrue*, 312 Fed.Appx. 45, 48 n.3 (9th Cir. 2009)("Medical reports presented in such summary check-box format without additional explanation are not entitled to significant weight.").

Neither Dr. Deakin's or Dr. Piper's brief check box evaluations of Plaintiff indicate that she met the requirements for a disability finding. Both physicians indicated that her limitations would last three to six months. Plaintiff has the burden of demonstrating that her impairments/limitations "can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); see also *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995)(Claimant in her mid-thirties suffered from obesity, knee pain and depression. Court found she had not established the duration requirement because she had only presented evidence of impairment for a 7-month period). The ALJ's decision to afford Dr. Deakin's report little weight is supported by the record. Dr. Piper's evaluation was performed outside the applicable time period and is largely irrelevant.

**C.  New Evidence After the ALJ's Determination**

Plaintiff submitted medical records for treatment that was provided after the ALJ's decision.  Concerning this new evidence, the Appeals Council stated:

> We also looked at records from Valley Physical Therapy dated February 6, 2012 through June 5, 2012 ... The Administrative Law Judge decided your case through January 26, 2012.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before January 26, 2012.

(ECF No. 12, p. 2).  As the records were considered by the Appeals Council, this court may consider them as part of the record. *Brewes v. Commissioner*, 682 F.3d 1157 (9th Cir. 2012).  However, the Appeals Council may consider new and material evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 CFR § 416.1470.  This is precisely what the Appeals Council did–considered the records, but determined they were irrelevant because they pertained to a period after the ALJ's determination.    The submission of this new evidence to the Appeals Council does not merit remand. See *Quesada v. Colvin*, 525 Fed.Appx. 627 (9th Cir. 2013)("the district court properly concluded that the additional evidence [claimant] submitted to the Appeals Council would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant.").

## VIII. CONCLUSION

As stated. *supra,* this court's role is limited.  In this case, the Commissioner's and ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. It must therefore be affirmed.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED.**

3.  The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

DATED this 16th day of April, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE